IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00668-RMR-CYC

CHARLES DALTON,

     Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,

     Defendant.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's Unopposed Motion to Amend Complaint and Join Party, ECF No. 44, in which the plaintiff states that he seeks to "join[ ] a new Defendant, American Express National Bank ('American Express'), pursuant to [Fed. R. Civ. P.] 20(a)(2) because they assert common question[s] of law and facts to Plaintiff." ECF No. 44 at 1. The plaintiff attaches a proposed amended complaint that adds American Express as a defendant and eliminates defendant Experian Information Solutions, Inc. ("Experian"). ECF No. 44-2.

The motion does not discuss the dismissal of Experian nor does it cite to any authority through which the plaintiff seeks to substitute American Express for Experian. Further, Fed. R. Civ. P. 20 allows for joinder of defendants, but not substitution of defendants. Fed. R. Civ. P. 25 allows for substitution of parties in certain circumstances, but the motion does not invoke the rule nor does it provide a basis for the Court to apply that rule here. In addition, the motion seeks relief under Rule 20 but relies on authority relating to motions to amend under Rule 15.

It is not clear under what authority the plaintiff actually seeks relief. What is clear is that

the invoked authority cannot form the basis for granting the motion. Specifically, the plaintiff

relies on Rule 20(a)(2), which allows for joinder of a defendant if:

> (A) any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

If the amended complaint is accepted by the Court, there cannot be any relief sought against the

defendants "jointly" or "severally" as there will be only one defendant. As a result, the motion

cannot be granted under Rule 20.

What it appears the plaintiff wishes to do is add American Express as a defendant and

eliminate Experian as a defendant. The applicable rule is Fed. R. Civ. P. 15(a)(2) for the addition

of claims. That rule allows for amendment of pleadings with the Court's leave, which should be

given freely when justice so requires, meaning that it should be refused "only on a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager,*

*Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); *see Foman v.*

*Davis,* 371 U.S. 178, 182 (1962). The Court has not been provided any information from which

it finds that leave to amend should be refused. As for the deletion of Experian as a defendant, the

applicable rule appears to be Rule 41(a)(2). *See Transwitch Corp. v. Galazar Networks, Inc.*, 377

F. Supp. 2d 284, 289 & n.5 (D. Mass. 2005) (teaching that "[r]eview is . . . properly gauged

under Rule 41(a)(2)" when a plaintiff "seeks to drop all of the counts in the original complaint"

by way of amendment); *see also Williams v. St. Paul Travelers Cos.,* No. CV 05-B-2297-W,

2007 WL 9717430, at *3 (N.D. Ala. Mar. 26, 2007) (noting that "seeking the court's permission

2

to substitute" one defendant for another "on the ground that" the new defendant "was the proper

defendant . . . operates as a motion to voluntarily dismiss" the existing defendant). Accordingly,

the decision on that portion of the motion must be a recommendation rather than an order. *See*

*Transwitch Corp.*, 377 F. Supp 2d at 288 n.4. Nevertheless, with the motion being unopposed,

there appears to be little reason not to grant it, since "[t]he 'principal consideration is whether the

dismissal would prejudice the defendant,'" *id.* at 289 (quoting *Schwarz v. Folloder*, 767 F.2d

125, 129 (5th Cir. 1985)), and Experian articulates no such prejudice here.

For the foregoing reasons, the Court **RECOMMENDS** that the plaintiff's Unopposed

Motion to Amend Complaint and Join Party, ECF No. 44, be **GRANTED** and that the Court

accept the proposed amended complaint, ECF No. 44-2, for filing.[1]

Entered and dated this 21st day of May, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.